FILED

**NOT FOR PUBLICATION**

JAN 24 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SANJALINE RADHIKA SHANKAR; RONEEL SHANKAR; BIJAI KUMARI SHANKAR, | No. 08-73210 |
| Petitioners, | Agency Nos.    A072-670-352 <br> A072-670-353 <br> A072-670-354 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Sanjaline Radhika Shankar, Roneel Shankar, and Bijai Kumari Shankar,

natives and citizens of Fiji, petition for review of the Board of Immigration

Appeals' ("BIA") order denying their motion to reopen removal proceedings.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely where the motion was filed over six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present sufficient evidence of changed circumstances in Fiji to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004) ("The critical question is . . . whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution."). We reject petitioners' contention that the BIA applied the wrong legal standard in analyzing whether there was material evidence of a change in conditions in Fiji. *See* 8 C.F.R. § 1003.2(c)(3)(ii). We also reject petitioners' contention that the BIA failed to consider evidence because they have not overcome the presumption that the BIA reviewed the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006); *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("The BIA does not have to write an exegesis on every contention.") (internal quotation, citation, and brackets omitted).

Finally, in light of our conclusion, we do not reach petitioners' prima facie eligibility claim.

**PETITION FOR REVIEW DENIED.**